# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## JANUARY TERM, 1914

[No. 1964]

ARNOLD W. GANDER, RESPONDENT, v. JACOB COHN,
JOHN W. O'BANION AND LOTTIE A. O'BANION
(HIS WIFE), AND DANIEL C. SIMPSON, DEFEN-
DANTS; DANIEL C. SIMPSON, APPELLANT.

[137 Pac. 514]

1. ADVERSE POSSESSION—ACQUISITION OF TITLE—PROOF.
    Proof that plaintiff had fenced and partially improved a tract
of land established a sufficient possession and occupancy to sup-
port title by adverse possession under Rev. Laws, sec. 4957,
when supported by proof of the other essentials necessary to the
acquisition of such title, and entitled him to judgment quieting
his title in the land against a defendant who established no
title thereto.

2. ADVERSE POSSESSION—DEEDS.
    Where two claimants of uninclosed and unimproved land
assert title by deed but it is impossible to tell from the evidence
which deed conveys the legal title, neither can be said to have
established title by adverse possession, both parties having paid
taxes on the land and used the same for grazing purposes.

APPEAL from the First Judicial Court, Lyon County;
*Frank P. Langan,* Judge.

Action by Arnold W. Gander against Daniel C. Simpson
and others. From judgment for plaintiff, the defendant
named appeals. **Revised and remanded,** with directions.

*James R. Judge,* for Appellant.

*Mack & Green,* for Respondent.

By the Court, NORCROSS, J.:

Arnold W. Gander, respondent, brought this action against Daniel C. Simpson, appellant, and a number of others to quiet title to an undivided one-half interest in the following-described land: The SE¼ of section 36, township 11 N, range 23 E, lot 1, and the SE¼ of the SW¼ of section 1, and the NE¼ of the NW¼ of section 12, township 10 N, range 23 E, less a certain tract in the complaint described. All the defendants, other than the appellant, Simpson, disclaimed ownership in the land. Appellant, Simpson, by his answer, admitted title in the plaintiff to the extent of an undivided one-fourth, but denied that defendant had any greater interest therein. Simpson also set up title in himself to an undivided one-half interest in the land described, and prayed judgment in his favor that such interest be quieted.

Neither the plaintiff nor the defendant traced title in themselves from the government. Plaintiff offered in evidence a deed from Isador Cohn to Fannie Nudelman, dated June 22, 1901; from J. and Fannie Nudelman, his wife, to John W. O'Banion and Zadoc Pierce, dated November 12, 1901; from Zadoc Pierce to plaintiff, dated May 18, 1903.

Defendant Simpson offered in evidence deeds from the Occidental Colony Company to J. Nudelman and Ephram Friedman, dated December 14, 1898; from Ephram Friedman and wife to A. M. Spiegel, dated October 10, 1899; from A. M. Spiegel to Jacob E. Cohn, dated September 3, 1902; from Jacob E. Cohn and wife to defendant Simpson, dated August 13, 1906. All the foregoing deeds, whether offered by plaintiff or defendant, describe and purport to convey the property in controversy.

There is nothing in the evidence to show from what source either Isador Cohn, plaintiff's predecessor in interest, or the Occidental Company, defendant's predecessor in interest, obtained title, if any such either possessed, to the land in controversy.

As neither plaintiff nor defendant established a clear

legal title to the land in controversy, plaintiff's right to the disputed one-fourth interest must depend upon adverse possession for the statutory period of five years.

The court below found, among other facts, the following: "That on the said 18th day of May, 1903, said plaintiff, Arnold W. Gander, entered into the quiet and peaceable possession of said undivided one-half interest in and to the property set out in his complaint, and thereafter paid the taxes thereon, and cultivated and raised crops on said lands ever since said date; and from the 22d day of June, 1901, said Arnold W. Gander, and his grantors and predecessors in interest, under claim and color of title, held the quiet and peaceable possession of said undivided one-half interest in said property. That said possession and occupation of said lands and water rights was actual, open, notorious, and hostile to defendants, and each of them, and has been continuous and uninterrupted ever since the said 22d day of June, 1901. That, by reason of said conveyances of said land and water rights to said Arnold W. Gander, and by reason of the further fact of his open, notorious, continuous, uninterrupted, hostile, and adverse possession, under title and claim of title of said lands and water rights, from and after the 22d day of June, 1901, said plaintiff is entitled to have his title to an undivided one-half interest in and to said lands and water rights quieted, settled, and confirmed to him, as prayed for in his complaint, against said defendants, and each of them."

The land in controversy is in two noncontiguous tracts, and are separated from each other by a distance of more than half a mile.

There is evidence showing that 80 acres of the land described is fenced, and, of this 80 acres, some 35 or 40 acres had been and was being cultivated by the plaintiff and his predecessors in interest for more than five years prior to the institution of the suit. It is not entirely clear whether this 80 acres under fence comprises the SE¼ of the SW¼ of section 1, and the NE¼ of the NW¼ of

section 12, township 10, or is a part of the 200-acre tract to the north; but from the evidence it would appear more probable that it constitutes all of the former tract.

It is clear that, as to the 80 acres described as inclosed by fence and partially improved, the plaintiff has established a superior title, and is entitled to judgment, quieting title thereto. (Rev. Laws, sec. 4957.)

As to the uninclosed land, it is impossible to say, from the evidence in the record, in whom lies the superior title. Both parties have a deed to the undivided portion of the land in controversy; but it is impossible to tell which deed conveys the legal title. Both parties have paid taxes on the land, and both parties have used the land for grazing purposes. Neither has established title by adverse possession. If the title to the land could be traced from the original or from a common source, that would doubtless settle the controversy as to the uninclosed and unimproved land.

The judgment is reversed, and the cause remanded, with directions to the court below to enter judgment in favor of the plaintiff for the 80 acres of inclosed land, particularly describing the same, and dismissing the action, without prejudice, as to the other land in controversy, or to grant a new trial.

TALBOT, C. J.: I concur.

[NOTE—This case having been submitted prior to MCCARRAN, J., becoming a member of the court, he did not participate in the decision.]